United States District Court
Northern District of Indiana
Hammond Division

| | | |
|---|---|---|
| MICHAEL J. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-CV-31 JVB |
| | ) | |
| | ) | |
| HARBOR MOTOR WORKS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the motions of Defendants Harbor Motor Works and Harris NA to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motions are **GRANTED IN PART** and **DENIED IN PART.**

**A. Background**

According to his complaint, Plaintiff, an Illinois citizen and attorney representing himself in this action, bought a vehicle from Defendant Harbor Motor works on October 21, 2006. His claims are based on Defendants' alleged non-compliance with the Fair Credit Reporting Act, 15 U.S.C.§ 1681, et seq, common law fraud, and the Illinois Consumer Fraud and Deceptive Business Practices Act. Defendant Harbor Motor Works, Inc., doing business as Harbor Honda, is an auto dealership is incorporated in Indiana, with its principal place of business in Merrillville, Indiana. Defendant Harris N.A. is a national bank chartered by the Office of the

Comptroller of the Currency.  Harris has its headquarters in Chicago, Illinois.[1]

Plaintiff filed his five-count action in the Federal District Court for the Northern District of Illinois on November 13, 2006.  Counts One and Two allege claims against Defendants Harbor Honda and Harris under 15 U.S.C. § 1681n and § 1681o.[2]  Jurisdiction of these claims is based on 28 U.S.C. § 1331, federal question jurisdiction.  In Count Three Plaintiff claims that all Defendants violated the Illinois Deceptive Practice Act, 815 ILCS § 505/2.[3]  In Counts Four and Five he alleges state common law fraud against all Defendants. Jurisdiction of the non-federal claims is based on 28 U.S.C. § 1332 (diversity of citizenship) with respect to all Defendants (Comp. ¶ 25) and § 1367(a) (supplemental jurisdiction) with respect to Defendant Harbor Honda (Comp. ¶ 29).

The case was transferred to the Northern District of Indiana on January 19, 2007.  On May 16, 2007, Harbor Honda filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On May 21, 2007, Harris filed a motion to dismiss.  Plaintiff filed a response to each motion on June 21, 2007.  Harbor Honda filed a reply on July 2, 2007.  Harris

---

[1] Defendant Robert McDermott, identified in the Complaint as a Harbor Honda salesperson, and Defendant Kathy Van Houten, identified as Harbor Honda's finance representative, have not appeared. The Clerk entered defaults against them on November 30, 2007.

[2] Title 15 U.S.C. § 1681n provides various remedies for willful failure to comply with the FCRA.  Section 1681o provides remedies for negligent noncompliance.

[3] Chapter 815 ILCS § 505/2 provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Grade Commission Act.

2

filed a reply on July 12.

**B.     Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, a court must accept as true all the well-pleaded material facts in the complaint and must draw all reasonable inferences from those facts in the light most favorable to the plaintiff. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" which is enough "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*,127 S.Ct. 1955 (2007). In *Bell Atlantic,* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formation that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618. (7th Cir. 2007). The factual allegations of the complaint must be enough to raise a right relief above the speculative level; the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Id*. Reading *Bell Atlantic* and *Erickson v. Pardus,*127 S.Ct. 2197 (2007), decided two weeks after *Bell Atlantic*, together, the Court of Appeals for the Seventh Circuit has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of

3

notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir 2007).

**C.     Facts**

According to Plaintiff's Complaint, he submitted an American Honda Financial Services Credit Application to Robert McDermott on October 16, 2006.[4] He stated both orally and in writing to McDermott that only American Honda Financial Services was authorized to request and obtain a copy of his credit report.  McDermott told Plaintiff that McDermott would submit Plaintiff's loan application only to Honda Financial Services and to no one else. This statement was false.  On October 21, 2006, Kathy Van Houten asked Plaintiff to complete a second American Honda Financial Application. Plaintiff reiterated verbally and on the second Application that only American Honda Financial Services was authorized to request and obtain a copy of his credit report.  Van Houten told Plaintiff that the loan he was receiving was at the lowest rate available through Honda Financial Services, which was not true. On October 22, 2006, TransUnion notified him that Defendant Harris had requested and received a copy of Plaintiff's credit report.

Plaintiff maintains that Defendant Harbor Honda willfully failed to comply with the FCRA by submitting Plaintiff's Application to Harris and that Harris is similarly culpable for requesting and obtaining his credit report without authorization and for an impermissible

---

[4]Plaintiff asserts in his Complaint that a copy of each Application is attached to the Complaint as "Exhibit A" and "Exhibit B."  No documents entitled "American Honda Financial Services Credit Application" or labeled "Exhibit A" and "Exhibit B" are attached to the Complaint.  Instead, two papers labeled "Plaintiff's Exhibit 1" and "Plaintiff's Exhibit 2," both of which appear to be the final page of  the same credit application form, with some blank lines filed out differently, are attached.

purpose. He asks for actual damages of $1000 and punitive damages of $100,000 from Defendants Harbor Honda and Harris for violation of the FCRA, $25,000 from all the Defendants under the Illinois statute, and $50,000 on the common law fraud claims.

**D.     Analysis**

**(1)     *Harbor Honda's Motion to Dismiss***

Defendant Harbor Honda argues that Plaintiff's claims against it must be dismissed because Plaintiff authorized Harbor Honda to obtain his credit report. Defendant maintains further that the Illinois Act does not apply to an Indiana transaction, that the Illinois Act and common law fraud claims are preempted by the FCRA, and that the Plaintiff has failed to state claims under the FCRA, the Illinois Act, and common law fraud. Finally, Harbor Honda argues for dismissal on the grounds that fraud, misrepresentation, and concealment have not been pleaded with the requisite specificity.

**(2)     *Harris's Motion to Dismiss***

Defendant Harris argues that Plaintiff's FCRA claims against it must be dismissed because Harris had a permissible purpose for gaining access to Plaintiff's credit report under 15 U.S.C. § 1681b and did not need Plaintiff's authorization. Harris further contends that Plaintiff has not pleaded any actual injury, such as loss of credit, as a result of Harris's review of Plaintiff's credit report, that punitive damages are not available under 15 U.S.C. § 1681o, and that the Illinois statutory claim must be dismissed because the Plaintiff does not allege any facts suggesting any misrepresentation or deceptive act by any agent of Harris or that he suffered any

5

actual damages as a result of any actions by Harris. Defendant Harris also asserts that the Illinois statutory claim is pre-empted by the FCRA. Finally, Harris claims that the common law fraud claims must be dismissed because Plaintiff does not plead facts suggesting that Harris made a false statement of material facts to anyone, including the Plaintiff or that Plaintiff suffered actual damages as a result of any conduct by Harris.

**(3)** *Choice of Law*

The parties have raised a conflict of laws issue with respect to the Plaintiff's claims based on Illinois consumer fraud statutes. A federal court must apply the choice of law rules of the state in which it sits. *Claxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941). Indiana courts apply the law of the place of the tort in most cases, but will evaluate other factors when the place of the tort is an insignificant contact. *See Hubbard Mfg. Co., Inc. v. Greeson,* 515 N.E. 2d 1071, 1073 (Ind. 1987). The Court finds that Indiana's contacts with the alleged fraud are significant. Defendant Harbor Honda is an Indiana citizen; the transaction which gave rise to the action—the Plaintiff's purchase of a vehicle—took place here. The allegedly fraudulent representations occurred in Indiana. Accordingly, the Court will apply the substantive law of the state of Indiana to Plaintiff's state law claims. To the extent that Count Three of Plaintiff's complaint depends on the Illinois Consumer Fraud and Deceptive Business Practices Act, it is dismissed.

**(5)** *All Other Issues*

Both Honda and Harris have relied on matters outside the pleadings in support of their

motions to dismiss, which the Court has disregarded. While it is not entirely clear to the Court that the factual allegations of each of the remaining Counts of the Complaint are enough to raise a right to relief above the speculative level, Plaintiff has expressed his intention to request leave of Court to amend his Complaint in several respects. The Court sees little point in addressing arguments that may be mooted when the Plaintiff files an amended complaint, which he may do without leave of Court under Rule 15(a) since no responsive pleadings have been filed.[5] Accordingly, the Court denies the Defendants' motions to dismiss on all other issues, without prejudice to raising them again by appropriate motions at a later stage in the proceedings. Plaintiff shall have thirty days from the date of service of this Opinion and Order within which to file an amended complaint.[6] If Plaintiff fails to file an amended complaint within that time, the Court will reconsider the Defendants' motions to dismiss.

**E.     Conclusion**

For the foregoing reasons, **Count Three** of Plaintiff's Complaint is **DISMISSED** as to both Defendants Harbor Honda and Harris. As to all other claims, Defendants' Motions to Dismiss (DE 11 and DE 13) are **DENIED.** Plaintiff is granted thirty days from the date of

---

[5]A motion to dismiss is not a pleading. *See* Fed. R. Civ. P. 7(a).

[6]In preparing an amended complaint, Plaintiff should reconsider his jurisdictional statement regarding Counts Three, Four, and Five (the state law claims) against Defendant Harris. Title 28 U.S.C. § 1348 states that national banking associations are "deemed citizens of the States in which they are respectively located." For § 1348 purposes, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). According to the Complaint, Harris's main office is in Chicago. Because Plaintiff is also a citizen of Illinois, diversity is lacking. It is well established that 28 U.S.C. § 1332 requires complete diversity: The presence of a plaintiff from the same state as any defendant deprives the court of diversity jurisdiction over the entire action. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S.546, 555 (2005). The Court is puzzled as to why Plaintiff based federal jurisdiction over Harris on 28 U.S.C. § 1332 (diversity jurisdiction) as to Counts Three, Four, and Five but relied on § 1367(a) (supplemental jurisdiction) as to those same Counts in the case of Harbor Honda.

service of this Opinion and Order within which to file an amended complaint.

    SO ORDERED on March 4, 2008.

                                              s/ Joseph S. Van Bokkelen
                                              Joseph S. Van Bokkelen
                                              United States District Judge